IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCEL CUNNINGHAM, ) | Case No. 1:23-cv-01436 |
| ) | |
| Plaintiff, ) | JUDGE PAMELA A. BARKER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | **REPORT & RECOMMENDATION** |
| ) | |

**I.  Introduction and Factual Background**

This matter is before the court following the July 25, 2023 removal by defendant Trans Union, LLC, of *pro se* plaintiff, Marcel Cunningham's, complaint which he initiated on June 5, 2023 in Euclid Municipal Court.  ECF Doc. 1.  The docket reflects that each entry has been mailed to plaintiff at the address provided in his initial complaint.  However, the docket also reflects that plaintiff has not made any filings, even those specifically ordered, since the removal of his case to federal court.  Due to plaintiff's failure to submit required filing to the court as ordered and failure to appear at the parties' initial case management conference, I recommend that this matter be DISMISSED without prejudice for want of prosecution.

There are at least two ordered filings that have not been made and one required appearance that plaintiff has failed to make despite court order.  On August 9, 2023, the court issued a case management conference scheduling order which, among other details, required that the parties file position statements regarding the agenda for their initial case management

conference by September 6, 2023.  ECF Doc. 7.  Defendant timely filed its position statement.  ECF Doc. 10.  Plaintiff did not file a position statement.  On September 7, 2023, this court provided call in instructions for the parties' initial case management conference, at defendant's request, and notified all parties of such instructions on that same date.  Importantly, plaintiff was provided notice that he may appear either in person or via telephone and the parties were again instructed to provide a report of their pre-conference planning meeting to the court by September 11, 2023.  *See* Non-Document Order dated 9/7/2023.  No pre-planning conference report was provided by any party.

The court then attempted to conduct a case management conference, as scheduled, on September 14, 2023.  Plaintiff failed to appear at the scheduled case management.  Defense counsel represented to the court that it had received contact from plaintiff on July 26, 2023 via email, but that plaintiff had been unresponsive since.  Defense counsel further represented that he attempted to contact plaintiff around September 6, 2023 – using the same email address previously used – in an attempt to schedule a pre-conference planning meeting, but received no response.  *See* Minutes of proceedings dated 9/14/2023; ECF Doc. 12.  Due to plaintiff's failure to engage in this matter by filing required documents or appear at the case management conference, the court issued an order to show cause on September 14, 2023, ordering plaintiff to show cause why his case should not be dismissed for want of prosecution by September 28, 2023.  ECF Doc. 12.  Nothing has been filed in response and no cause has been shown.

## II.     Legal Standards

Federal courts have the power, both under Federal Rules of Civil Procedure and their inherent authority, to dismiss civil cases for want of prosecution.  *Link v. Wabash R.R.*, 370 U.S.

626, 630-31 (1962); Fed. R. Civ. P. 41(b). Before doing so, however, we must consider certain factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (paragraph breaks added). Not all four factors need to weigh in favor of dismissal for dismissal to be warranted. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008). But given the harshness of such a sanction, dismissal should be ordered "only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quotation marks omitted). The court must ask itself, did the plaintiff "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings?" *Id.* (quotation marks omitted).

**III. Analysis**

Plaintiff has failed to meaningfully engage in this case after its removal. This court has provided ample opportunity for plaintiff to explain his failure to participate, and plaintiff has been plainly warned that his failure to cooperate could lead to the dismissal of his case. It appears that plaintiff is capable of contacting the defendant, as evidenced by defense counsel's representation that plaintiff emailed defendant about the possibility of settlement. However, when defense counsel attempted to reach plaintiff, using the same method of communication, in order to organize the court ordered pre-conference planning meeting, plaintiff failed to respond.

Further, nothing in the record indicates a change to plaintiff's mailing address. Thus, there is no reason for the court to believe that plaintiff has not been receiving the mailings sent to him at the same address used in his initial complaint. Accordingly, I find that the plaintiff is intentionally failing to respond or make required filings.

In issuing this recommendation, I have considered whether less drastic sanctions would be appropriate to aid in the progress of this matter. In so considering, and recommending that there are no less drastic sanctions, I am persuaded that the dismissal of this matter is appropriate because plaintiff has not done a single thing to advance his case after it was removed to federal court; plaintiff has been given written notice of his failure to properly engage in his own case; he has failed to timely show cause in response to the court's order; and plaintiff has continued to ignore the case in for nearly a month since plaintiff's deadline to show cause expired.

## IV. Recommendation

Accordingly, I recommend that this matter be DISMISSED without prejudice for lack of prosecution unless plaintiff: (i) files an objection to this report and recommendation within the 14-day time limit to object, that (ii) sets forth good cause for his non-compliance with court orders to date and (iii) demonstrates that he has brought himself into compliance with the previously issued court orders.

Dated: October 25, 2023

*Thomas M. Parker*
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report & recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 301875, at \*2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).